City of Philadelphia to Use *v.* Keenan et al.

Argued October 7, 1930.

Before
TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNING-
HAM, BALDRIGE and WHITMORE, JJ.

258

*Marshall A. Coyne,* for appellant.

*S. G. Birnie,* for appellee.

OPINION BY TREXLER, P. J., December 12, 1930:

Thomas J. Keenan, trading as the Keystone State Piping and Equipment Company, entered into a contract with the City of Philadelphia for the erection and construction of certain foundations in connection with the "Queen Lane Extension." Under the provisions of the ordinance of January 15, 1925, he and the Aetna Casualty and Surety Company gave a bond for the purpose of providing for the payment of all claims for work done or materials furnished in and about the construction covered by the contract.

Section 3 of the ordinance provided: "No suit shall be brought upon said bond unless written notice of the delivery of the material and the performance of the work shall be given to the person entering into the original contract with the City of Philadelphia, in the performance of which the said labor and materials were required, *within ninety days* from the performance of the last of the said work or the delivery of the last of the said materials, for which suit is brought; Provided, however, that the provisions of this section shall not apply when the work and materials are furnished under a contract, expressed or implied, between

the claimant and the person who entered into the original contract with the City of Philadelphia.''

The ordinance authorized suit to be brought on said bond in the name of the City of Philadelphia to the use of any such person that furnished work or material. The Strathmann Lime and Coal Company, ''a material man,'' brought suit in the name of the city to its use against the parties above named who gave the bond. The only question before us is whether the notice was given within the time specified in Section 3 above quoted, that is, within ninety days from the delivery of the last of the materials for which suit is brought. The materials for which suit was brought were furnished between the dates of October 16, 1925, and of February 27, 1926, and were charged to the Heinz Concrete Company, a sub-contractor of the above Keystone State Piping & Equipment Company, the general contractor. Notice of the furnishing of material was given on June 18, 1926, more than ninety days after the furnishing of the last material to the Heinz Concrete Company. The latter passed out of the transaction and the principal contractor (the Keystone Company) bought from Strathmann Lime Company in March and April materials which on May 10th were paid for. The contention of the plaintiff is that the ninety day period starts to run from the time the last materials were furnished, irrespective as to whether they were furnished to the Heinz Company or to the Keystone Company, that the only test is whether or not they went into the erection covered by the contract. The facts are undisputed and it is purely a matter of the construction of the bond. Could the plaintiff tack to the amount furnished to the Heinz Company the items furnished directly to the principal contractor? The lower court held that it could not and with that conclusion we all agree.

The provision of the ordinance is plain that no suit

can be brought unless notice be given to the original contractor within ninety days from the delivery of the last said materials for which suit is brought. Certainly this suit is not brought for the materials that were sold to the principal contractor for they were paid for before any action was begun. As appears by the reading of Section 3 above set out, there was no notice required as to the materials furnished to the principal contractor, who was a party to the original contract with the City of Philadelphia. The two kinds of sales are on an entirely different footing and there is nothing in the ordinance which justified the act of the plaintiff in combining the two. Over 100 days had expired from the last sale to the Heinz Company to the day when the notice was given. The Keystone Company was not a party to the Heinz Company contract and when it bought materials from the plaintiff after the Heinz Company dropped out, it was not under the Heinz Company contract that materials were furnished, but an entirely new arrangement between the plaintiff and the Keystone Company.

The judgment is affirmed.